UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**MARKITA BRIMSEY**                  **CASE NO. 6:22-CV-03357**

**VERSUS**                              **JUDGE JAMES D. CAIN, JR.**

**STATE FARM FIRE & CASUALTY CO**     **MAGISTRATE JUDGE KAY**
**ET AL**

## JUDGMENT

Respondent has filed his response to the Report and Recommendation, in which he does not object to the sanction but requests that it be imposed jointly with the McClenny Moseley & Associates ("MMA") law firm. Respondent relies on the language of Federal Rule of Civil Procedure 11(c), which provides in relevant part:

> If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. **Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.**

Fed. R. Civ. P. 11(c)(1) (emphasis added).

In this case, after respondent advised the court that he was no longer associated with the MMA firm, the court issued an order transferring to MMA and its principal Zach Moseley the responsibility to produce certain file materials relevant to the show cause hearing. MMA and Mr. Moseley made the required production, and the file materials were filed into the record with the Report and Recommendation, under seal. MMA therefore had actual notice of the show cause hearing, an opportunity to respond, and in fact provided

responsive documents in advance of the hearing. There is no basis in the record to suggest exceptional circumstances that would relieve the firm of joint responsibility for respondent's actions. To the contrary, the file materials submitted by MMA indicate a systemic lack of attention to verifying that "the factual contentions have evidentiary support or, [ . . . ] will likely have evidentiary support[,]" as required by Fed. R. Civ. P. 11(b)(3) (alteration added). Considering these factors, the court finds that MMA must be held jointly liable for the violation committed by its former employee.

Accordingly, for the reasons stated in the Report and Recommendation of the Magistrate Judge previously filed herein, determining that the findings are correct under the applicable law, and considering the objections to the Report and Recommendation in the record;

**IT IS ORDERED** that the Report and Recommendation be **ADOPTED**, subject to the modification described above. Claude F. Reynaud, III and McClenny Moseley & Associates, PLLC are thus jointly sanctioned in the amount of $250.00, to be deposited with the registry of the court. This payment must be completed by December 1, 2023.

The clerk is directed to mail a copy of this judgment to plaintiff at the address provided by MMA and on file with the court.

**THUS DONE AND SIGNED** in Chambers on this 24th day of May, 2023.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**